Joy **HARRINGTON**, Plaintiff–Appellee,

v.

Paul **HARRINGTON**, Defendant–Appellant.

Supreme Court of Tennessee, at Nashville.

Oct. 24, 1988.

Timothy L. Takacs, Hendersonville, for plaintiff-appellee.

Michael W. Binkley, Nashville, for defendant-appellant.

## OPINION

HARBISON, Chief Justice.

In this case the judgment creditor appealed from an order of a circuit judge permitting the judgment debtor to pay the judgment in installments. A narrative summary of a small portion of the evidence heard by the trial judge comprised the record on appeal.

The Court of Appeals reversed the judgment of the trial court and remanded the case to the trial judge to fix an increased amount. The majority of the Court of Appeals held that, as a matter of law, installment payments on judgments, authorized pursuant to T.C.A. §§ 26-2-216, et seq. must be fixed in an amount at least sufficient to defray annual interest on the judgment and some portion on the principal debt. A dissenting member of the Court of Appeals concluded that the trial judge did not follow the procedures set out in the statutes above cited and would have vacated the trial judge's order on that ground.

This Court granted review. We remand for further proceedings. The appellate record is so sparse that review of the facts is rendered very difficult. We respectfully disagree with the Court of Appeals, however, as to the legal requirements for minimum payments under the statutes.

The suit was instituted in the Circuit Court of Sumner County, Tennessee, to enforce a final judgment rendered in the Circuit Court of Floyd County, Indiana, in the amount of $27,500.00 plus costs and attorneys' fees. The judgment was for accrued child support which the appellant had been ordered to pay in connection with Indiana divorce proceedings commenced many years previously. The final judgment of the Indiana court awarding a lump sum against the appellant was entered on February 26, 1985. Questions concerning the validity of the Indiana judgment and the proceedings leading up to it were originally raised when the present action was commenced in Tennessee. All such questions were resolved in the trial court and are not involved here.

The trial judge heard oral testimony on two occasions, October 28, 1986, and December 2, 1986. Orders of judgment pursuant to each of these hearings were entered. The initial judgment found that the appellant might be entitled to a credit against the judgment for child support payments previously made. It allowed the creditor twenty days within which to produce evidence with respect to this issue. Apparently a second hearing was held thereafter, following which a final judgment was entered finding that the appellant was not entitled to the credit sought.

Only part of the pleadings and motions filed in the trial court were transmitted on appeal. The first judgment entered by the trial judge recited that the appellant had filed a motion "to be allowed to pay the judgment under a slow pay plan presented to the Court."

That motion and any affidavit filed with it were not included in the record on appeal. However, the first judgment order recited that the trial judge had "entertained" such a motion and that the trial judge was pleased to grant it. The court directed that no execution issue against any judgment so long as the appellant "pays the judgment at the rate of $100.00 per month until said judgment is paid in full."

The second judgment order, entered following the December 2, 1986, hearing, indicated that the court had reconsidered "the slow pay plan theretofore approved by the Court," and the second judgment order also directed that the appellant be permitted to pay the judgment at the rate of $100.00 per month. Apparently there was no request for additional findings of fact. Instead, the original plaintiff appealed to the Court of Appeals, presenting a single issue as to whether the trial judge erred in permitting payment of the judgment in monthly installments of $100.00 each.

Almost no evidentiary record has been supplied on appeal. There is no statement or other showing that a verbatim transcript was unavailable as required by Rule 24(c), T.R.A.P. Nevertheless, the only documents accompanying the record on appeal were a six paragraph "statement of the evidence" which purports to be "a portion of the testimony of the defendant/appellee Paul Harrington, heard by the Court on October 23, 1986." [1]

This statement contains no evidence whatever concerning Mr. Harrington's financial situation or the amount of the installment payment. It simply recites that the parties were divorced in Indiana in 1974 and that Mr. Harrington was then a resident of Tennessee and continues to be such. The statement recites that Mr. Harrington has been employed by Stouffer Chemical Company continuously since 1974 and that he has not remarried. It also states that the children of the parties had reached their age of majority. An exhibit introduced at the October 23, 1986, hearing by Mr. Harrington was attached to the summary of the evidence. This exhibit consists of a list of "Assets and Liabilities Per Month" apparently filed by Mr. Harrington, without explanation or elaboration. These show total expenses each month of $1,594.00 and net take-home pay of $1,567.00, or a deficit of $27.00. The list, however, includes such things as $200.00 per month for entertainment in addition to cable television charges. It includes a number of other items which probably were explained or elaborated upon in the oral testimony given at trial, but there is no transcript or other summary included in the record on appeal.

In our opinion, this was a wholly inadequate record to present to an appellate court for review of an installment payment. Apparently neither side objected, however, and counsel for the debtor did not file any supplemental or additional transcript. In our opinion, the appellate court would have been justified in dismissing the appeal or in directing the furnishing of a more adequate record "to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal." Rule 24(g), T.R.A.P.

Generally, we tend to agree with the Court of Appeals that the amount of $100.00 per month will do little ever to discharge the judgment in question, the principal amount of which was $27,500.00, plus $250.00 attorneys' fees and an unspecified amount of court costs. We also agree with the Court of Appeals that the monthly payments ordered would not even pay the interest on the principal, and certainly the judgment could never be discharged with an installment payment so low. Without an evidentiary record, however, and without any information as to any other debts or obligations of the husband, it is extremely difficult from this record to determine whether the trial judge erred factually in setting the amount of the monthly payment.

The Court of Appeals held that the trial judge erred as a matter of law, not as a

---

1. Mr. Harrington was appellee in the Court of Appeals but is the appellant in this Court.

matter of fact, and held that any installment payment must be in a minimum amount to discharge annually the interest on the principal debt and to reduce to some degree the principal.

While this conclusion is quite logical and sensible, it adds criteria and requirements to the statutes which the General Assembly has not specified.

The briefs of the parties treat "slow-pay" plans as originating with Tenn. Public Acts 1978, chapter 915. It is true that the present statutes, codified at T.C.A. §§ 26–2–216 et seq., are based upon the 1978 statute. That statute, however, had antecedents going back to Tenn. Public Acts 1939, chapter 139, when the first "slow-pay" provisions were enacted. The present statutes, with a few substantive changes, are similar to the 1939 statute. See Williams Tenn.Code Ann. § 8946; T.C.A. §§ 26–503, 504 (1955 ed.).

■ From their inception, these statutes have required that a motion to pay a judgment in installments be filed and considered by the trial judge only after the judgment against the debtor has become final. T.C.A. § 26–2–216(a)(1) begins:

After any judgment has been rendered in any court and the time to appeal therefrom has elapsed without such an appeal having been made, the judge of the court which rendered the judgment may, either before or after the issuance and service of garnishment, upon written consent of the parties or upon written motion of the judgment debtor, after due notice and after full hearing of said motion, enter an order requiring such judgment debtor to pay to the clerk of the court a certain sum of money weekly, biweekly or monthly to apply upon such judgment.

As pointed out by the dissenting member of the Court of Appeals, this procedure was obviously not followed in the present case. It appears that a motion must have been filed in the trial court before the first judgment was entered in this case after the October 23, 1986, hearing, because the first order states that the motion had been "entertained" by the trial judge and was granted. As previously stated, that motion

has not been included in the record on appeal.

Further provisions of T.C.A. § 26–2–216(a)(1) as amended by 1981 Tenn. Public Acts, chapter 179, require that the motion of the judgment debtor

shall be supported by an affidavit stating his inability to pay such debt with funds other than those earned by him as wages or salary, or received from other sources in such amounts as to necessitate or make equitable installment payments, the name and address of his employer, or other source of funds and amount of such wages or salary, and the date of payment thereof.

Similar provisions were also contained in the original statute enacted in 1939.

This section further provides that upon the filing of such a motion, execution or garnishment against the wages or salary of the judgment debtor shall be suspended so long as the debtor "complies with the order of the court."

In further provisions, similar to the 1939 legislation, the present statutes require the clerk to keep a record of payments and disbursements and provide that upon failure of the judgment debtor to comply with the installment order, the stay of execution by garnishment shall immediately and without further act by any party become null and void. T.C.A. § 26–2–217(a) and (b)(1).

Other provisions authorize the trial judge to hold a further hearing and reinstate a stay and also authorize amendment of the order so as to alter the terms and amounts of payments. T.C.A. § 26–2–217(b)(2).

■ The parties have requested this Court to establish "guidelines" for the fixing of installment payments. The statutes themselves seem to be entirely flexible in this regard and to require that the installments be fixed in an amount which is reasonable under the facts and circumstances shown in evidence. T.C.A. § 26–2–216(a)(2) allows the judgment debtor to file only one motion to fix installment payments for each outstanding judgment. Orders for installment payments are to be entered only

upon written consent of the parties or upon written motion of the judgment debtor after notice and full hearing of the motion. T.C.A. § 26–2–216(a)(1).

The court entering the order, of course, should consider all of the circumstances of the parties, including the amount of the judgment, other debts owed by and judgments against the debtor, the amount of wages earned by the debtor, other funds receivable by the debtor, and the exemptions granted by the statutes. No such installment payments are to be ordered unless the debtor has filed an affidavit stating that no other assets are available for payment of the judgment except the wages or salary of the debtor and that any other funds receivable by the debtor are so limited that installment payments are appropriate.

■ Matters of this nature are ordinarily heard in small claims courts. Frequently they involve debts of less magnitude than that shown in the present case. If an installment order is entered, the judgment debtor is granted a stay of garnishment or execution. However, the debtor is not immune from discovery proceedings, at least in courts governed by the rules of civil procedure. *See* Rule 69, T.R.C.P.

■ Obviously orders of this type when entered by a trial court remain subject to the jurisdiction and continuing supervision of that court. The statutes expressly authorize the judgment debtor to seek reconsideration or modification of such an order. T.C.A. § 26–2–217(b)(2). It would seem to follow as a matter of course that a creditor, also, may seek reconsideration of such a continuing order.

As previously stated, the statutes contemplate that the proceedings for installment payments should not be instituted or acted upon until the time for filing an appeal has expired and a judgment has become final. This requirement was contained in the original statutes enacted in 1939 and has been carried forward in all of the statutes since that time. While it would seem that this procedural provision might be waived by the parties or by the

trial judge, it was obviously contemplated by the General Assembly that installment payments would not be considered so long as the judgment was open to appeal by either party.

In the present case, the proceedings appear to have been irregularly conducted, as pointed out by the dissenting member of the Court of Appeals. The creditor has raised no issue concerning that procedural irregularity, however, and it appears that both parties were given full opportunity to explore the question of the amount to be fixed as installment payments.

■ We are unable to find any statutory requirement as to a minimum amount to be fixed by the trial judge in cases such as this. Not only are such orders appealable, but they are subject to continuing revision upon request of either party. A requirement that the minimum payment must at least defray interest on the principal has not been included in the statutes since they were first enacted in 1939, and we are unable to concur with the suggestion of the majority of the Court of Appeals that such a requirement inherently exists as a matter of statutory construction. The fact that judgments bear interest at 10% per annum under present statutes does not persuade us otherwise.[2] Judgments have borne interest during the nearly half century since installment payment orders were first authorized.

Like the Court of Appeals, we are reluctant to affirm a judgment order which appears to be patently too low in view of the admitted earnings of the debtor, particularly where his claimed monthly expenses include a fairly liberal allowance for "entertainment." It was incumbent upon the creditor, however, who sought to appeal this case, to provide the appellate courts with a sufficient record to conduct the de novo review to which she was entitled. *See* Rule 13(d), T.R.A.P. The creditor or her counsel certainly was in possession of more information than was included in this record as to the circumstances of the debtor as revealed in his testimony.

2. T.C.A. § 47–14–121.

This appeal could easily be dismissed for lack of a proper record. Where on the face of the record, however, it appears that the installment payment is so low that the judgment can never be effectively discharged or even reasonably reduced, and where nothing else appears in the record concerning any substantial obligations of the debtor or any other installment orders against him, and where it further appears that the installment proceedings were irregularly conducted, we feel justified, in our discretion, in remanding this case to the trial court for a further hearing and for reconsideration of the installment payment plan proposed by the debtor. Following such hearing an order will be filed containing findings of fact explaining the conclusions reached by the trial judge.

In the further exercise of our discretion, we direct that costs of the appellate proceedings be taxed equally to the parties. All other costs will be fixed by the trial judge.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.