IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2001

## HENRY FRANK KERR, JR., ET AL. v. EARL LEMOINE

**Appeal from the Chancery Court for Davidson County**
**No. 97-2188-II     Carol McCoy, Chancellor**

---

**No. M2001-00986-COA-R3-CV - Filed October 16, 2002**

---

Appellant judgment creditor appeals from the action of the trial court in post-judgment proceedings allowing installment payments of the underlying judgment. The record before the Court is inadequate for appellate review, and acting within our discretion, we remand the case to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

Paul R. White, Nashville, Tennessee, for the appellant, Earl Lemoine.

Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr, Mt. Juliet, Tennessee, Pro Se.

**OPINION**

This appeal involves post-judgment proceedings following a final judgment entered January 12, 2001 in the amount of $5,000.00 plus interest at a rate of 10% per annum as permitted by Tennessee Code Annotated section 47-14-121.

The proceedings leading up to the judgment are rather bizarre and not necessary to recount in detail in order to dispose of this case. It suffices to say that the $5,000.00 judgment of January 12, 2001, entered in favor of Earl Lemoine and against Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr individually and d/b/a National Carriage Service, was for nonpayment by the Kerrs of the last installment under a contract whereby the Kerrs purchased from Lemoine, (Mrs. Kerr's father), various horses and carriages, together with tools and machinery, for use in a "carriage for hire" business, operating primarily in the river front area of Nashville.

The Kerrs did not appeal the judgment of January 12, 2001, and on March 12, 2001, the Kerrs filed a Motion to Quash Garnishment/Execution and Claim Exemption Rights claiming the carriages, attached by garnishment under the judgment, were "tools of trade," apparently relying on Tennessee Code Annotated section 26-2-111(4). On March 15, 2001, Lemoine filed a Response to the Motion to Quash Garnishment/Execution and Claim Exemption Rights asserting that the carriages did not qualify for treatment as "tools of the trade." On March 15, 2001, the Kerrs filed a motion to pay the judgment by installments pursuant to Tennessee Code Annotated section 26-2-216. The affidavit of Henry F. Kerr, Jr. asserts that he is unable to pay the judgment with funds other than those earned by him as wages or salary from Nashville Carriage Service, from which he earns cash in amounts that fluctuate. After this information the affidavit states: "Describe your pay schedule-example: (every Friday, on 1st and 15th, etc.). The judgment debtor's other source(s) of income are (enter n/a if there are none: )" which is followed by hand written instruction to "(see back.)." Unfortunately, the back of the motion to pay by installments and the affidavit thereto is not included in the record on appeal.

Apparently, there was a hearing before the Chancellor on March 15, 2001, as there is a two page order in the record signed by Chancellor Carol L. McCoy but left undated. The Certificate of Service of this order upon all parties by Attorney Paul R. White representing Lemoine is dated March 15, 2001. There is a "received" stamp dated March 16, 2001 from the Davidson County Chancery Court. There is, likewise, a stamp dated March 28, 2001 disclosing that this order was "filed" with the Davidson County Clerk & Master on that date. On the second page of the order there is another stamp by the Clerk under date of March 29, 2001 asserting that "copies to attorneys and pro se litigants at the above addresses." This order, entitled "Findings of Fact, Conclusions of Law and Order," provides:

This cause came on to be heard on Thursday, March 15, 2001 upon the Motion of Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr to quash the Execution/Levy issued and served march 9, 2001 attaching four (4) vis-a-vis horse drawn carriages. After hearing testimony of Henry Frank Kerr, Jr., Gretchen Kathleen Kerr, Henry Frank Kerr, Sr., Stella Kerr, Earl Lemoine, Blanche Lemoine and from all the testimony, statements of counsel and record before the Court, the Court makes the following finding of fact and conclusions of law:

1.  The exemption claimed by Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr was not timely filed pursuant to T.C.A. § 26-2-114(b) and therefore, is invalid as to this execution.

2.  Relying upon the analysis of the Court in the case of In re: Nipper 243 Bankr. 33 (Bankr.E.D. Tenn. 1999) the asserted exemption in the carriages is also not valid because the carriages by analogy to the Court's holding in the Nipper case supra, are not tools of the trade. This Court finds it to be inappropriate to classify these carriages as tools of the trade; they are rather capital assets of the business.

3.  With respect to the Bill of Sale offered into evidence by the Kerrs, the Court finds the testimony concerning ownership of the carriages to be clouded, and

therefore declines to impute fraud and also finds no overt fraud in the transaction. Therefore, the Court finds ownership of the two (2) carriages equipped with the lockboxes to be vested in Henry Frank Kerr, Sr. and/or Stella Kerr. Because of the nature of this transaction, the Court is unwilling to release these two (2) carriages from the execution/levy unless and until the other two (2) carriages presently stored in Wilson County and belonging to Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr are delivered into the possession of the Sheriff of Davidson County. Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr will have until March 30, 2001 to file a Motion to commute the payment of the judgment to slow pay installment payments and that these payments, in the judgment of this Court, to be reasonable, must be in the range of a minimum of Two Hundred and 00/100 ($200.00) Dollars to Two Hundred, Fifty and 00/100 ($250.00) Dollars per month.

4. That in the interval, until March 30, 2001, should the Kerrs elect to pay the judgment in full, the carriages can be released from the execution/levy and no further hearing will be necessary. If the judgment is not paid in full, then all other matters in controversy are continued until *Friday, March 30, 2001 at 2:30 p.m.* at which point the Court will enter a final ruling on the terms and conditions under which this execution/levy may go forward.

5. All other matters, including costs, are reserved pending further orders of the Court and this matter is continued until Friday, March 30, 2001.
   It is therefore ORDERED, ADJUDGED and DECREED:

1. That the enforcement of this execution be stayed until further order of the Court following the next scheduled hearing;

2. That all carriages attached be retained until further order of the Court;

3. That this matter is continued until Friday March 30, 2001 at 2:30 p.m. at which time the Court will make a final ruling on the terms under which the execution/levy and sale may proceed;

4. That the Kerrs prepare and file a Motion to commute the payment of this judgment to slow pay installment payments as set forth above;

5. That should the Kerrs elect to pay the judgment in full, with all costs, the carriages can be released without further hearing of any additional order;

6. That all other matters, including the award of costs, will abide the further hearing in this matter, which is set for March 30, 2001 at 2:30 p.m.
   IT IS SO ORDERED.

Apparently, some kind of a hearing occurred before the Chancellor on March 30, 2001 as an order appears under date of April 4, 2001 that provides as follows:

An order has been submitted to the Court that does not conform to the directives the Court issued on March 30, 2001. Accordingly, this matter shall be reset for hearing on Friday, April 6, 2001 at 11:00, or at the conclusion of the motion docket. It is so ordered.

We are favored in the record with neither a transcript of the March 30, 2001 hearing, the directives the court issued on that date, nor the proposed order, which did not conform to the directives of the court.

On April 6, 2001, Lemoine filed a motion to reconsider that provides: "The Defendant/Counter-Plaintiff, Earl Lemoine, for reasons set forth in the accompanying brief, files his motion to reconsider this Court's prior rulings of March 30, 2001 on Defendant/Counter-Plaintiff's Motion to Quash Execution/Levy." Again, we are left to guess what rulings of the court of March 30, 2001 are the subject of this motion to reconsider.

Next, in the record under date of April 6, 2001, we have the affidavit of Earl Lemoine providing:

1. That I currently reside at 6348 Baker Hollow Road, Nunnelly, Tennessee in Hickman County.
2. That I am the Defendant/Counter-Plaintiff in the above referenced matter.
3. That on January 22, 2001 I was awarded a final judgment in the amount of $5,000.00 against the Plaintiffs/Counter-Defendants.
4. That prior to January 22, 2001 I engaged in numerous conversations with Mr. Henry Frank Kerr, Sr. concerning the debt of his son and daughter-in-law, Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr the Plaintiffs/Counter-Defendants for the carriages which are the subject of the above referenced lawsuit.
5. That my wife, Mrs. Blanche Lemoine, was a further witness to these conversations between myself and Mr. Henry Frank Kerr, Sr. concerning the outstanding, unpaid debt of the Plaintiffs/Counter-Defendants.
6. That Henry Frank Kerr, Sr. well knew that the debt on these carriages had not been paid before delivery of them was ever made to him.
7. Further the Affiant saith not.

Under date of April 9, 2001, the following order is entered:

This cause came to be heard on March 30, 2001 and again on April 6, 2001 upon the Plaintiffs' Motion to Quash the Execution/Levy and further upon the Plaintiffs' Slow Pay Motion, with statements of counsel for the Defendant and the parties, pro se, and argument of counsel, from all of which the Court found as follows:
1. The four carriages shall be released from the levy of execution immediately upon the Plaintiff paying of the costs of the levy of execution. The costs include (a) the Sheriff's fees of Sixteen and 00/100 ($16.00), (b) the statutory commission of Three Hundred Six Dollars ($306.00), (c) a tow bill of Three Hundred Dollars ($300.00), (3) storage charges through April 2, 2001 in the amount of One Thousand Dollars ($1,000.00) and (3) sales tax of One Hundred Seven and 25/100

-4-

($107.[25]) Dollars. Storage continues to accrue at the rate of Ten Dollars ($10.00) per day per carriage until the carriages are redeemed. The Plaintiffs, Henry and Gretchen Kerr, individually and d/b/a Nashville Carriage Service ("the Kerrs") shall have a reasonable period of time to pay the costs of the execution and levy and obtain possession of the carriages. No execution sale shall occur during the time the slow pay motion and order are in effect.

2.      Earl Lemoine shall have a lien against the following carriages:
   a. One white carriage with green upholstery
   b. One white carriage with maroon upholstery
   c. One black carriage with maroon upholstery
   d. One white carriage with red upholstery, red panels on seats and side of box (red roses)

This lien is a judicial lien for the benefit of Earl Lemoine to ensure payment of the judgment and shall continue until all sums represented by this judgment, whether principal, interest, court costs, storage fees, have been paid. The Kerrs are permanently restrained and enjoined from selling, mortgaging, transferring, pledging, quitclaiming or otherwise encumbering their ownership interest in these carriages until this judgment and all attendant costs are paid in full.

3.      Earl Lemoine is prohibited from interfering with the Kerrs peaceable possession, use, benefit and enjoyment of the carriages for so long as they pay to Paul R. White, Attorney for Mr. Lemoine, at his office at 214 Second Avenue North, Suite 400, Nashville, TN 37201, the sum of Two Hundred ($200.00) Dollars per month commencing thirty (30) days after the Kerrs have secured the release of the four carriages, said release to be within a reasonable period of time. Thereafter, the Kerrs shall pay the judgment in installments of Two Hundred ($200.00) Dollars every thirty (30) days until paid in full. If for any reason the Kerrs fail to make the payments as herein ordered, such failure to make payments timely will render this repayment arrangement void and of no further force and effect and execution/levy may once again issue without further order of the Court upon counsel of Earl Lemoine filing with the Clerk an affidavit that states that the payments are in arrears and the balance is then due and owing.

IT IS TO ORDERED.

The next item is a notice of appeal by counsel for Lemoine under date of April 19, 2001.

The "Statement of the Evidence in Lieu of a Transcript" filed by counsel for Lemoine, pursuant to T.R.A.P. Rule 24(c) and (d), while not approved by the Chancellor, was not disputed by the now pro se Appellees and is thus presumed to be approved by the Chancellor under T.R.A.P. Rule 24(f).

The Rule 24 statement filed by Lemoine adds little to the record and provides no basis for this court to answer appellate issues as to Tennessee Code Annotated section 26-2-216, relative to the "slow pay" actions by the trial judge.

Pursuant to Rule 24(c), Appellant asserts the following issues:

A.  Did the Court err in ordering the execution quashed after ruling that the exemption claimed by Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr was not timely filed pursuant to Tenn. Code Ann. § 26-2-114(b) and invalid as to the execution filed in this case?

B.  Did the Court err in finding that the transfer of two (2) of the carriages to Henry Frank Kerr, Sr. and/or Stella Kerr was not a fraudulent conveyance or in the alternative that Henry Frank Kerr, Sr. and wife, Stella Kerr, are bona fide purchasers of the carriages?

C.  Did the Court err in holding that Henry Frank Kerr, Jr. and Gretchen Kathleen Kerr are entitled to the benefit of Tenn. Code Ann. § 26-2-216 to stay execution/levy on moveable personal property?

As to issue number one, the answer is yes, as the request for exemption under T.C.A. 26-2-114(b) is not timely filed.

An answer as to issue number two is impossible under the present record. According to the pre-March 30, 2001 order, the Chancellor held that the transfer of two carriages by the Kerrs to Mr. Kerr's parents was valid, leaving only two carriages in the possession of Appellees. The final order, entered April 9 following the March 30 and April 6, 2001 hearings, orders all four of the carriages released from the levy of execution pursuant to a slow pay authorization under T.C.A. 26-2-216 and thereupon grants Earl Lemoine a judicial lien upon all four of the carriages. Are these four carriages inclusive of the two carriages alleged to have been previously conveyed to Kerr, Sr.? Nothing in the record tells us whether or not this is true, and we are left to speculate.

As to issue number three, the record does not tell us the facts under which Chancellor McCoy acted in allowing the slow pay. The "(see back)" on the application for installment payments pursuant to T.C.A. 26-2-216 is foreclosed to appellate review since the "back" is no where included in the record.

As the Tennessee Supreme Court has observed: "It was incumbent upon the creditor, however, who sought to appeal this case, to provide the appellate courts with a sufficient record to conduct the de novo review to which she was entitled. *See* Rule 13(d), T.R.A.P." *Harrington v. Harrington*, 759 S.W.2d 664, 668 (Tenn. 1988).

Like the *Harrington* case, the record in this case is such that affirmance of the Chancellor would be justified primarily on the basis that the record before us does not allow adequate review of the facts relative to the post judgment proceedings and does not allow us to determine whether or not the evidence preponderated against the findings of fact of the Chancellor. At the same time, there is simply too much confusion concerning these carriages, the ownership thereof, and the facts on which the Chancellor acted relative to the application of T.C.A. 26-2-216 for us to be comfortable with such a disposition.

Therefore, as in the *Harrington* case, we feel justified in our discretion in remanding the case to the trial court for a further hearing, consideration of intervening facts, and such other proceedings as may be necessary to clear up the factual questions, which, under the present record, hamper proper appellate review.

The case is so remanded, and further, in the exercise of our discretion, the costs on appeal are taxed equally to the parties.

_____
WILLIAM B. CAIN, JUDGE