RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0182p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

DOUGLAS B. STALLEY, on behalf of the
United States of America,
                         *Plaintiff-Appellant,*

WILKES & MCHUGH, P.A.,
                         *Appellant,*

          *v.*

MOUNTAIN STATES HEALTH ALLIANCE;
WELLMONT HEALTH SYSTEMS, INC.,
                         *Defendants-Appellees.*

Nos. 10-5211/5212

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
Nos. 06-00216; 06-00217—Curtis L. Collier, Chief District Judge.

Decided and Filed: July 8, 2011

Before: SILER, COLE, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** Francis L. Lloyd, Jr., LAW OFFICE OF FRANCIS L. LLOYD, JR., Knoxville, Tennessee, for Appellant. Frank H. Anderson, Jr., ANDERSON & FUGATE, Johnson City, Tennessee, Jimmie C. Miller, William C. Bovender, HUNTER, SMITH & DAVIS, LLP, Kingsport, Tennessee, for Appellees.

_____

## OPINION

_____

COLE, Circuit Judge. This is our second time reviewing an appeal by Plaintiff-Appellant Douglas B. Stalley in this particular litigation. *See Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2008) ("*Stalley I*"). Last time, we rejected Stalley's lawsuit against Defendants-Appellees Mountain States Health Alliance ("Mountain

States") and Wellmont Health Systems, Inc. ("Wellmont") (collectively, "Defendants"), as well as numerous other former defendants, for lack of standing. *Id.* at 919. Also, because we found Stalley's claims to be "utterly frivolous," *id.*, we remanded on our own motion for "Stalley and his counsel [Appellant Wilkes & McHugh, P.A.] to show cause why we should not impose sanctions, in the form of attorneys fees or costs or both, against Stalley and his attorneys for prosecuting these unreasonable and vexatious appeals," *id.* at 920. On appeal after remand, we are now convinced that sanctions are proper. Therefore, for the reasons below, we **AFFIRM** the district court's imposition of sanctions. However, we **DENY** Defendants' motion for sanctions for this appeal.

**I.**

Our prior opinion contains a more extensive discussion of the background of this litigation, and we see no need to repeat that here. *See Stalley I*, 517 F.3d at 914-16. We instead highlight only the most relevant elements of this particular appeal.

In seven different lawsuits filed in Tennessee, Stalley sued Defendants and numerous other healthcare groups on behalf of the United States, claiming that the groups violated the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b), "for unspecified payments that Medicare supposedly advanced to treat unspecified medical errors made with regard to unspecified Medicare beneficiaries at unspecified health care facilities owned by Appellees." *Stalley I*, 517 F.3d at 914. These filings were not Stalley's first trips to the courtroom either, as he has filed scores of identical cases across the country. *See, e.g.*, *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1231 (11th Cir. 2008) ("Stalley has filed dozens of cases almost identical to this one against hospitals and other health care providers in federal district courts around the country."); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517 (8th Cir. 2007); *Stalley v. Ameris Health Sys.*, No. 3:07CV00006, 2008 WL 239662 (E.D. Ark. Jan. 28, 2008) (unpublished disposition); *Stalley v. Regency Hosp. Co.*, No. 06CV5233, 2007 WL 1702574 (W.D. Ark. June 11, 2007) (unpublished disposition); *Stalley v. Adventist Health Sys.*, No. 8:06-CIV-2328-T-17-EAJ, 2007 WL 1225385 (M.D. Fla.

Apr. 25, 2007) (unpublished disposition); *Stalley v. Genesis Healthcare Corp.*, No. 06CV2492, 2007 WL 781907 (E.D. Pa. Mar. 12, 2007) (unpublished disposition).

Notwithstanding Stalley's tireless efforts, no court has ever found that the MSP is a *qui tam* statute, permitting private attorneys general to sue on behalf of the United States. For that reason, as well as because "not even so much as a law review article, much less a case, supports Stalley's claim that the MSP is a *qui tam* statute, while numerous cases explicitly hold to the contrary," and "Stalley cannot point to even a passing reference in the legislative history of the MSP to bolster his position," we found Stalley on notice of the frivolous nature of his filings from their inception in the Tennessee district courts and remanded for a show-cause hearing on why sanctions should not issue. *Stalley I*, 517 F.3d at 919-20. The district court heard argument on the question and awarded sanctions to Mountain States ($131,158.50) and Wellmont ($145,431.19) from Stalley and his counsel, jointly and severally. Stalley and his counsel timely appealed.

## II.

### A. The District Court's Award of Sanctions

We review the district court's award of sanctions for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). On appeal, Stalley offers four ways in which he believes the district court abused its discretion. We address each in turn.

First, pointing to *BDT Products, Inc. v. Lexmark International, Inc.*, 602 F.3d 742 (6th Cir. 2010), Stalley argues that he did not file these lawsuits for an improper purpose or in bad faith. Instead, he claims, he and his counsel acted on a misunderstood interpretation of the MSP, at least until case law clarified the baselessness of his claims. We are unconvinced. Here, the district court—following our indication in *Stalley I*—invoked the "inherent power" of the court in determining that sanctions should issue against both Stalley and his counsel. *See Chambers*, 501 U.S. at 44-45. Moreover, the magistrate judge acknowledged the requirement that it determine that the party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (Report &

Recommendation, Dist. Ct. Docket No. 109, at 11 (citing *Stalley I*, 517 F.3d at 920).) That standard encapsulates the holding in *BDT Products* that "the mere fact that an action is without merit does not amount to bad faith." 602 F.3d at 753 (internal quotation marks omitted). Instead, the district court must find "something more" present, such as "making improper use of the courts." *Id.* at 754.

Having applied the correct standard, the district court needed only find this element satisfied. This task was not difficult, given our statements in *Stalley I* that Stalley's claims were "utterly frivolous," 517 F.3d at 919, "pursue[d] . . . for an improper purpose," *id.* at 920, and "unreasonable and vexatious," *id.* Indeed, the sheer number of lawsuits Stalley has filed, especially given the absence of any basis for Stalley's MSP claims, provides the "something more" required to satisfy imposition of sanctions. *See BDT Prods.*, 602 F.3d at 754. The magistrate judge recognized as much:

> [The] legal conclusion that the MSP statute is a *qui tam* statute . . . had no legal foundation, and . . . plaintiff could not reasonably argue that any court should accept and then ratify [that conclusion]. . . . [Moreover, e]ach complaint was a lawsuit in search of proof. The plaintiff and his attorneys cast their litigation net blindly and broadly in hopes that some of the hospitals so ensnared ultimately would be found to have violated the MSP statute.

(Report & Recommendation, Dist. Ct. Docket No. 109, at 10.) Further, these issues existed from the inception of the lawsuits. *See Stalley I*, 517 F.3d at 919-20. We thus reject Stalley's first argument.

Second, Stalley contends that the district court did not "explain[] why all of the fees and expenses incurred [by Defendants'] law firm . . . had to be awarded to assure the desired deterrence." (Stalley Br. 30.) However, we have explained that "sanctions imposed under [28 U.S.C. § 1927] or pursuant to a court's inherent authority are [also] punitive." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006). So even assuming that the award was greater than necessary to deter future violations—a contention of which Stalley has failed to convince us—another valid basis exists for the award that Stalley has not challenged. *See id.* And the amount of the award does not strike us as unreasonable under the circumstances. The district

court thus did not abuse its discretion in awarding that amount or concluding that such an amount was "appropriate" and "reasonable." (Mem., Dist. Ct. Docket No. 115, at 6, 8.) We therefore reject Stalley's second argument.

Third, Stalley claims that the fees submitted by Defendants' counsel were unreasonable and not "in accordance with the principle of deterrence, [as opposed to] the desire for compensation." (Stalley Br. 32.) Stalley does not explain how the district court abused its discretion in concluding that the fees submitted were reasonable, and, as noted above, he is incorrect that deterrence is the sole consideration. *See Sater*, 465 F.3d at 647. The district court stated that it found the billing structure of Defendants' law firm reasonable given that firm's prior experience in such cases. (Mem., Dist. Ct. Docket No. 115, at 7.) The district court also explained that "[i]t is not unreasonable to expend substantial amounts of time and resources to prepare and draft a motion to dismiss, which, if successful, would halt the litigation before extensive discovery took place," and that credible testimony supported the bills at issue in this case. (*Id.* at 7-8.) In fact, the district court exercised its discretion in Stalley's favor in calibrating the size of the award: It found that "the amount of hours billed by [Defendants' law firm] in preparation for a motion for sanctions, which was filed after the Sixth Circuit decided the relevant issues in the case, was excessive," and refused to grant those fees. (*Id.* at 8.) This restraint supports our conclusion that the district court reasonably determined the award's amount.

Finally, Stalley relies on *Ruben v. Warren City Schools*, 825 F.2d 977, 986 (6th Cir. 1987), to contend that the district court should have imposed sanctions solely against his counsel, not against him as well. But that case dealt with an individual who brought a *single* lawsuit mistakenly alleging discrimination against her personally. *Id.* The circumstances here are different, and Stalley shares the blame for pursuing these vexatious lawsuits. We reject Stalley's fourth claim of error.

Because the district court did not abuse its discretion in awarding the sanctions against Stalley and his counsel, we **AFFIRM** the district court's judgment.

**B. Defendants' Motion for Damages for this Appeal**

Defendants have filed a motion for just damages, double costs, and/or sanctions for a frivolous appeal. Defendants spend much of their brief rehashing the frivolousness of the underlying MSP actions, but that background has no bearing on the frivolousness of this appeal. Stalley and his counsel here contest the district court's sanctions order. On that issue, Defendants advance virtually no argument, contending: "Now Mr. Stalley, Wilkes & McHugh, and their current counsel, Mr. Lloyd, have perfected yet another frivolous, meritless appeal as to the award of sanctions by the District Court. Apparently, the Appellants and their counsel just don't 'get it.'" (Defs.' Mot. for Just Damages 14.) We reject Defendants' attempt to bootstrap the frivolousness of this appeal to that of the underlying litigation. Therefore, though we have "discretion to assess 'just damages' when confronted with a frivolous appeal," *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009), we decline to exercise that discretion here, as Defendants have failed to convince us that *this* appeal was frivolous. We therefore **DENY** Defendants' motion for damages for this appeal.

**III.**

For the foregoing reasons, we **AFFIRM** the district court's judgment, but **DENY** Defendants' motion for damages for this appeal.