FILED
06/29/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 26, 2017 Session

## CITY OF GATLINBURG v. MAURY R. GREENSTEIN, ET AL.

Appeal from the Chancery Court for Sevier County
No. 14-5-175 Telford E. Forgety, Jr., Chancellor

_____

### No. E2016-01739-COA-R3-CV

_____

This appeal involves post-judgment proceedings following a final judgment in favor of the city that the appellants pay $45,175 for unpaid maintenance fees on their commercial real property. The appellants appeal the trial court's action overruling a motion to pay the judgment by installments under the so-called "slow-pay" statute, Tennessee Code Annotated section 26-2-216. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Matthew A. Grossman and Kevin A. Dean, Knoxville, Tennessee, for the appellants, Maury R. Greenstein and Joan Greenstein.

James H. Ripley, Sevierville, Tennessee, for the appellee, City of Gatlinburg.

### OPINION

### I. BACKGROUND

The City of Gatlinburg ("City") sued Maury R. and Joan Greenstein ("the Greensteins"), residents of Ohio, for unpaid maintenance fees relating to the Greensteins' ownership of commercial real property in City. These properties have been the subject of prior appeals: *City of Gatlinburg v. Kaplow*, No. E2013-01941-COA-R3-CV, 2014 WL 2194517 (Tenn. Ct. App. May 27, 2014), *appeal denied* (Oct. 22, 2014); *Kaplow v. City of Gatlinburg Bd. of Adjustments & Appeals*, No. E2014-00347-COA-R3-CV, 2015 WL

3964212 (Tenn. Ct. App. June 30, 2015).[1]

After the trial court referred this case to a special master, hearings were conducted in February 2016. On March 30, 2016, the trial court again took up the matter to hear exceptions to the special master's report. On April 14, 2016, a final judgment in the amount of $45,175 was issued in favor of City. The Greensteins did not appeal from the final judgment. However, on July 5, 2016, they filed a motion pursuant to Tennessee Code Annotated section 26-2-216 to pay the judgment by monthly installments of $1,250. In the initial affidavit in support of their motion to pay by installments, the Greensteins asserted that "over the past six (6) months our rental properties in Gatlinburg, Tennessee have operated at a net loss."

In its response in opposition, City incorporated the sworn testimony of Stuart Kaplow (the Greensteins' lessee) from the special master's hearing. Kaplow testified that he operated the Greensteins' 175 rental units in City and that the units produced income of $100 to $225 per unit, per week. City argued that using a medium unit charge of $150 per week, the properties would produce an annual gross income of $1,365,000 (175 units x $150 x 52 weeks = $1,365,000).

In addition to Kaplow's testimony, City's response included deeds revealing ownership by the Greensteins of various properties in Tennessee, Ohio, and Florida. The Greensteins' affidavit, however, fails to mention their ownership of properties in Florida and Ohio or other assets. No details were provided regarding how the Greensteins manage to maintain, insure, and pay taxes on their properties.

The trial court overruled the motion to pay by installments after a hearing:

### ORDER OVERRULING MOTION TO PAY BY INSTALLMENTS

> This cause having come on to be heard on July 14, 2016 upon the Motion of the Defendants to pay by installments, and upon argument of counsel, and for good cause shown, it is, hereby, ORDERED, that said Motion to Pay by Installments is overruled.

The Greensteins thereafter filed this timely appeal. No court reporter was present at the hearing; accordingly no verbatim transcript of the hearing is available.

---

[1] The Greensteins together own/owned Travelers Motel, Ski View Motel, and Creekside Motel. Mr. Greenstein individually also owns/owned Rainbow Motel, Ski Mountain Rentals, and Rocky River Motel. These former motels have been operated as weekly rental residential units.

## II. ISSUES

The Greensteins raise the following issues on appeal:

> a. Did the trial court err by overruling the Greensteins' Tennessee Code Annotated section 26-2-216 motion to pay by installments in failing to follow the Tennessee Supreme Court's guidelines governing motions to pay by installments, including but not limited to the trial court's omission of findings of fact and conclusions of law from its final order.
>
> b. Did the trial court err in overruling the Greensteins' section 26-2-216 motion to pay by installments based upon the evidence in the record?

## III. STANDARD OF REVIEW

We review the trial court's decision under an abuse of discretion standard. Under the abuse of discretion standard, a trial court's ruling, "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). An abuse of discretion occurs when the trial court applies an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party. *Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge*, 42 S.W.3d at 85. Rather, the appellate court will presume the trial court's discretionary decision to be correct and will view the evidence in a light most favorable to its decision. *Id.*

## IV. DISCUSSION

Tennessee Code Annotated section 26-2-216(a)(1) provides:

> (a)(1) After any judgment has been rendered in any court and the time to appeal therefrom has elapsed without such an appeal having been made, the judge of the court which rendered the judgment may, either before or after the issuance and service of garnishment, upon written consent of the parties or upon written motion of the judgment debtor, after due notice and after full hearing of such motion, enter an order requiring such judgment debtor to pay to the clerk of the court a certain sum of money weekly, biweekly or monthly to apply upon such judgment. The filing of such motion by the debtor shall stay the issuance, execution or return of any writ of

- 3 -

garnishment against wages or salary due the judgment debtor or any other funds belonging to the judgment debtor sought to be substituted to the satisfaction or payment of or upon such judgment during the period that such judgment debtor complies with the order of the court. Such motion of the judgment debtor shall be supported by an affidavit stating the debtor's inability to pay such debt with funds other than those earned by the debtor as wages or salary, or received from other sources in such amounts as to necessitate or make equitable installment payments, the name and address of the debtor's employer, or other source of funds and amount of such wages or salary, and the date of payment thereof.

The statute at issue in this matter, Tennessee Code Annotated section 26-2-216(a)(1), contains no requirement that a trial court set forth its findings of fact and conclusions of law. Further, the record does not reveal that the Greensteins requested specific findings of fact or conclusions of law.

The Greensteins contend that the day before the hearing on their request, City filed its response full of unverified allegations. They further note in an affidavit filed after the oral argument before this court that "[e]ach of the parcels of real property" that they own in City "ha[s] suffered damages as a result of the recent Sevier County/Gatlinburg wild fires," and that "no rental income will be realized from any of my Tennessee rental properties for the foreseeable future."[2]

The issue of whether to approve a "slow pay petition" is a matter of the trial court's discretion. It is the Greensteins who bear the primary burden of supplying us with a record showing that the trial court made an unreasonable or illogical decision. *Jackson v. Smith*, No. W2011-00194-COA-R3CV, 2011 WL 3963589 (Tenn. Ct. App. Sept. 9, 2011), aff'd, 387 S.W.3d 486, (Tenn. 2012). In this case, we have no transcript of the hearing.

Tennessee Code Annotated section 26-2-216 authorizes the court to allow a judgment debtor to pay a judgment in installments when the judgment debtor has only wages or salary or other limited funds receivable from which to pay the debt. *Id.* As noted in *Harrington v. Harrington*, 759 S.W.2d 664, 668 (Tenn. 1988):

No such installment payments are to be ordered unless the debtor has filed an affidavit stating that no other assets are available for payment of the judgment except the wages or salary of the debtor and that any other funds receivable by the

---

[2] The motion seeking consideration of post-judgment facts, Tenn. R. App. P. 14, is GRANTED.

debtor are so limited that installment payments are
appropriate.

*Id.* Thus, by statutory mandate, the affidavit to be filed by the debtor must state the debtor's "inability to pay such debt with funds other than those earned by [the debtor] as wages or salary, or received from other sources in such amounts as to necessitate or make equitable installment payments . . . ." *Franklin Indus., Inc. v. Jones*, No. 90-3839-II, 1992 WL 24989 at \*1 (Tenn. Ct. App. Feb. 14, 1992). Our review reveals that the Greensteins were less than forthcoming in their affidavit stating their inability to pay the debt. There are clearly other assets available here as the Greensteins own additional real estate. Likewise, their failure to disclose their ownership of properties in Ohio and Florida, much less to account for how they maintain such properties would justify the trial court's decision to deny the "slow pay" motion. The Greensteins have not shown that the trial court made an unreasoned or illogical decision. We cannot find an abuse of discretion.

## V. CONCLUSION

The judgment of the trial court is affirmed and the case is remanded for such other proceedings as may be necessary. Costs on appeal are assessed to the appellants, Maury R. and Joan Greenstein.

_____
JOHN W. MCCLARTY, JUDGE