NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0223n.06

No. 17-6158

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| REGIONS BANK, an Alabama banking corporation, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 30, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GATEWAY HOUSING FOUNDATION, a District | ) | COURT FOR THE MIDDLE |
| of Columbia non-profit corporation; TERRY | ) | DISTRICT OF TENNESSEE |
| MCNELLIS, individually, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before: SUHRHEINRICH, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Gateway Housing Foundation and Terry McNellis appeal the district court's award of sanctions to Regions Bank. All agree that the award should be reversed as to Gateway. We affirm the rest.

Gateway and McNellis (the defendants) guaranteed a real-estate loan, whose borrower eventually defaulted. Regions, the lender, sought to collect the debt from them, and the dispute went to arbitration. Two years later, the arbitrators awarded Regions $4.5 million. The district court confirmed the arbitration award and entered judgment against the defendants. Regions's efforts to enforce that judgment prompted this dispute.

Regions was entitled to discovery from the defendants about the assets available to satisfy the judgment. *See* Fed. R. Civ. P. 69(a)(2). Regions asked the defendants for five years of financial information. They failed to respond timely, so Regions filed a motion to compel. The magistrate judge ordered the defendants to produce one year of financial information.

As soon as the defendants produced that information, Regions registered the judgment in Minnesota, where McNellis lived. Regions also issued garnishment summonses to McNellis's financial institutions, freezing the moneys in his bank and investment accounts. *See* Minn. Stat. Ann. §§ 571.71, 571.911. In response, McNellis renewed an earlier motion to pay the judgment in installments (which the magistrate judge had denied) and also sought to stop the garnishments. He relied on Tenn. Code Ann. § 26-2-216, which allows a judgment debtor to pay the judgment out of his wages or other periodic income when he lacks assets to pay otherwise. *See Harrington v. Harrington*, 759 S.W.2d 664, 668 (Tenn. 1988). To support that motion, McNellis submitted an affidavit saying that he had "liquidated all readily available assets" and that he did "not have the present ability to make any payment larger than [$100,000] per month[.]" At a hearing on his motion, however, McNellis admitted that he in fact held millions of dollars in cash and securities; he just did not want to sell them for tax reasons. Days later, McNellis paid off the judgment, evidently expecting the magistrate judge to rule against him, which the judge later did.

Regions thereafter sought sanctions against the defendants. The magistrate judge recommended a sanction of $43,500: $3,500 for failing to cooperate in discovery, *see* Fed. R. Civ. P. 37(a)(5), and $40,000 for seeking installment payments in bad faith. The district court adopted the recommendation and ordered the defendants to pay the $43,500. This appeal followed.

The defendants challenge only the $40,000 sanction. Regions consents to reversal of that sanction as to Gateway, which itself did not join McNellis's motion or seek to pay the judgment in installments. That leaves the district court's decision to sanction McNellis. We review that decision for an abuse of discretion. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

Courts have the inherent power to sanction a party who litigates in bad faith, *i.e.*, a party who knowingly advances a meritless claim for an improper purpose, such as to delay the litigation or to hinder enforcement of a court order. *See id.* Here, McNellis testified that he could have liquidated cash and securities to pay the judgment. Thus he was ineligible to pay in installments under Tenn. Code Ann. § 26-2-216(a)(1). His testimony also showed that he had lied about his ability to pay the judgment: his affidavit said that he had already "liquidated all readily available assets" and could pay only $100,000 per month "without defaulting on existing obligations[.]" Neither of those things was true and the district court reasonably concluded that McNellis knew his motions to pay in installments were meritless. Hence the district court did not abuse its discretion in sanctioning McNellis. *Cf., e.g.*, *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 368 (6th Cir. 2007).

For his part, McNellis maintains that the $40,000 sanction is unfair because the magistrate judge chided Regions for its litigation conduct. For example, the judge was surprised that Regions had garnished McNellis's accounts, because the judge had expected (though not required) Regions to seek court approval before doing so. McNellis says that he should not be penalized for filing his second motion to pay in installments, since it responded to Regions's unexpected actions. As the magistrate judge later recognized, however, Regions had every right to execute the judgment by garnishing McNellis's accounts; McNellis had no right to stop Regions by misleading the court. *See, e.g.*, Fed. R. Civ. P. 69(a)(1); Minn. Stat. Ann. § 571.71; Tenn. Code Ann. § 26-2-202.

McNellis also claims that the district court denied him due process. Due process requires fair notice and an opportunity for a hearing on the record. *See Metz*, 655 F.3d at 491-92. McNellis received both. Regions asked for sanctions three times: in its response to McNellis's

second motion to pay the judgment in installments, in the joint statement of unresolved issues, and in its motion for sanctions. McNellis was able to and in fact did respond to Regions's arguments. Moreover, he never asked for an evidentiary hearing. The court gave McNellis all the process that he was due. *See id.*

McNellis also challenges the amount of the sanctions. He argues generally that the district court awarded Regions more than the relevant legal standard permits, *i.e.*, the amount of attorney's fees that Regions paid to defend against McNellis's bad-faith behavior. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186-87 (2017). But $40,000 approximated "a reasonable rate for the time reasonably spent in defending against" McNellis's motions to pay the judgment in installments. McNellis fails to identify any specific problem with the rates or hours used, and thus gives us no reason to change the award.

Finally, Regions and McNellis each move for sanctions on appeal. Regions asserts that McNellis's appeal was frivolous, and that it is therefore entitled to damages, costs, and sanctions. *See* Fed. R. App. P. 38. Although McNellis's motions for installment payments were frivolous, his appeal of the sanctions award was not; hence we deny Regions's motion. *See Stalley ex rel. United States v. Mountain States Health All.*, 644 F.3d 349, 353 (6th Cir. 2011). But that motion itself was not brought in bad faith, so we deny McNellis's motion as well. *See Metz*, 655 F.3d at 489.

We affirm the district court's judgment in full as to McNellis. As to Gateway, we affirm $3,500 of the judgment and reverse $40,000 of the judgment. We deny the parties' motions for sanctions. Since Regions substantially prevailed against McNellis, we tax costs against him. *See* Fed. R. App. P. 39(a)(4).