**Sunil KAWATRA, Plaintiff/Appellant,**

v.

**W.H. GARDINER, Nephrology, Inc. of Tennessee, and The Kidney Disease Treatment Center, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 2, 1988.

Permission to Appeal Denied by Supreme Court Feb. 21, 1989.

Tim K. Garrett, Bass, Berry & Sims, Nashville, for plaintiff/appellant.

Lionel R. Barrett, Jr., Nashville, for defendants/appellees.

## OPINION

KOCH, Judge.

This case began as a dispute over one month's unpaid wages; it is now a dispute over the payment of attorney's fees. Both the employee and his employer perfected a de novo appeal to the Circuit Court for Davidson County after the employee obtained a judgment in the Metropolitan General Sessions Court. Once in circuit court, the employee amended his complaint to seek additional damages and attorneys fees pursuant to the Fair Labor Standards Act. The trial court, sitting without a jury, awarded the employee $1,867 for the disputed wages but denied the employee's Fair Labor Standards Act claims. The employee has appealed, insisting that he was entitled to the liquidated damages and attorneys fees permitted by the Fair Labor Standards Act. We affirm the trial court's judgment.

### I.

Sunil Kawatra discovered through an employment agency that Dr. W.H. Gardiner was seeking a person to manage his financial affairs as well as those of the clinics operated by two of his companies, Nephrology, Inc. and the Kidney Disease Treatment Center. Mr. Kawatra discussed the position with Dr. Gardiner on several occasions. On July 28, 1986, Dr. Gardiner presented Mr. Kawatra with a written contract of employment to commence on August 1, 1986.

The employment contract was for an indefinite term and provided that Mr. Kawatra's starting salary would be "$28,000 per annum to be paid in equal increments on the 1st and 15th of each month." It described Mr. Kawatra's duties as follows:

> Acknowledging that a detailed job description is yet to be compiled, by mutual agreement your responsibilities will include but are not limited to the following:
> General Administration and Supervisory responsibilities, with specific attention to financial management, accounting, budget, etc.

Mr. Kawatra began work on August 1, 1986. He signed the original contract on August 8, 1986, and at the same time, the parties signed an addendum to the original contract providing that "[e]ither party may terminate this agreement with written notice to the other given 30 days prior to the date of termination."

Mr. Kawatra worked directly under Dr. Gardiner's supervision. He supervised the issuance of payroll checks, drafted consolidated financial statements, supervised disbursements to vendors, handled the dis-

bursement of medicare and medicaid funds, and negotiated the purchase of goods from out-of-state vendors.

Mr. Kawatra submitted a letter of resignation to Dr. Gardiner on October 6, 1986, because he believed it would be "professional suicide" to do some of the things Dr. Gardiner expected him to do. However, he continued to work because Dr. Gardiner agreed to resolve their disagreements. When matters did not improve, Mr. Kawatra submitted a second resignation letter on October 23, 1986, stating that he intended to leave work on October 24, 1986. He also requested that his salary for the month of October be mailed to him.

Dr. Gardiner refused to pay Mr. Kawatra his October wages on the ground that Mr. Kawatra had breached the employment contract by failing to give thirty days written notice of his intent to resign. Mr. Kawatra went to court to get his wages and obtained a judgment against Dr. Gardiner and Nephrology, Inc. in December, 1986 in the Metropolitan General Sessions Court, and the defendants appealed to the Circuit Court for Davidson County.

Mr. Kawatra amended his complaint in the circuit court to seek liquidated damages and attorneys fees under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (1982) ("FLSA").[1] The trial court found that Mr. Kawatra was an executive employee "exempt from the minimum wage and overtime protections of the FLSA, 29 USC § 213(a)" and, on April 27, 1987, entered an order awarding Mr. Kawatra $1,867 for the salary he had earned in October, 1986.

The trial court declined to award damages or attorneys fees, even though Mr. Kawatra, by that time, had attorneys fees of $4,620. In response to Mr. Kawatra's request for additional findings on his FLSA claim, the trial court observed

Plaintiff's theory would have the effect of completely repealing the executive employee exemption to the Fair Labor Standards Act. Any dispute for unpaid salary would be converted into a claim for double wages plus attorney's fees by the mere fact that the salary wasn't paid for the period involved. This Court does not believe such is the law.

## II.

■ We are being called upon to decide whether Mr. Kawatra ceased to be an exempt employee for the purposes of the FLSA when Dr. Gardiner refused to pay him for the work he performed in October, 1986. The trial court held that Mr. Kawatra continued to be an exempt employee even though he had not been paid. We agree. Congress never intended that the FLSA would provide a highly paid employee with an additional weapon against his employer in a dispute involving the breach of an employment contract.

### A.

The FLSA is remedial and should be construed "to apply to the farthest reaches consistent with Congressional direction." *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959). According to 29 U.S.C. § 202(a), (b) (1982), the Act's purpose is "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers."

■ Congress enacted the FLSA to prohibit the paying of substandard wages and to discourage requiring employees to work excessive hours. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 902, 89 L.Ed. 1296 *reh. denied*, 325 U.S. 893, 65 S.Ct. 1189, 89 L.Ed. 2005 (1945). The Act

---

1. 29 U.S.C. § 216(b) provides:
   Any employer who violates the provisions of section 206 [minimum wage] or section 207 [maximum hours] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages ... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys fee to be paid by the defendant, and the costs of the action.

is intended to be a wage and hour law for the benefit of underpaid and overworked persons, *Walling v. Jacksonville Terminal Co.*, 55 F.Supp. 302, 304 (S.D.Fla.1944), *aff'd*, 148 F.2d 768 (5th Cir.1945), or, as President Franklin Roosevelt noted in his message to Congress introducing the legislation, it insures that workers will receive "a fair day's pay for a fair day's work." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578, 62 S.Ct. 1216, 1220, 86 L.Ed. 1682 (1942).

The FLSA raises substandard wages by establishing a uniform, national policy guaranteeing a minimum wage, *Tennessee Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 602–03, 64 S.Ct. 698, 705, 88 L.Ed. 949 (1944); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 513 (9th Cir.1978), and induces employers to reduce the hours of work and to employ more workers. *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460, 68 S.Ct. 1186, 1194, 92 L.Ed. 1502, *reh. denied*, 335 U.S. 838, 69 S.Ct. 10, 93 L.Ed. 389 (1948); *Walling v. Youngerman–Reynolds Hardwood Co.*, 325 U.S. 419, 423–24, 65 S.Ct. 1242, 1244, 89 L.Ed. 1705, *reh. denied*, 326 U.S. 804, 66 S.Ct. 12, 90 L.Ed. 489 (1945).

■ Our responsibility is to give full effect the the FLSA's purposes. While we should construe the Act's exemptions narrowly, we should construe them sensibly, *Medler v. United States Bureau of Reclamation, Dep't of the Interior*, 616 F.2d 450, 453 (9th Cir.1980), and we should not use the liberal construction principle to usurp Congress' prerogatives by extending the Act's reach beyond what Congress intended. *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1086 (7th Cir.1984), *cert. denied*, 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985).

### B.

Dr. Kawatra cannot take advantage of the remedial provisions of the FLSA if he is an exempt employee. In accordance with

29 U.S.C. § 213(a)(1), an exempt employee is "any employee employed in a bona fide executive, administrative or professional capacity." The administrator of the Wage and Hour Division of the United States Department of Labor has promulgated regulations providing two tests to determine whether an employee is employed in a bona fide executive capacity.

The "short test," found in 29 C.F.R. §§ 541.1(f), 541.119 (1987), provides that managerial employees will be considered executive employees if (1) they "are compensated on a salary basis at a rate of not less than $250 per week," (2) their primary duty consists of management of an enterprise or a recognized department thereof, and (3) they customarily and regularly supervise the work of two or more other employees. The "long test," found in 29 C.F.R. §§ 541.1(a)–541.1(f) contains six requirements, including one requiring the employee to be "compensated for his services on a salary basis at a rate of not less than $155 per week." The regulations provide similar tests for administrative employees.[2]

The regulations also define what being paid on a "salary basis" means. They provide, in part, at 29 C.F.R. § 541.118(a) that

An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

In accordance with 29 C.F.R. § 541.212, administrative employees are judged by the same standards.

For us to determine whether or not an employee is paid on a salary basis under 29 C.F.R. § 541.118(a), we look to the terms of the compensation agreement between the

**2.** The "short test" for administrative employees is found in 29 C.F.R. §§ 541.2(e)(2), 541.214, and the "long test" is found in 29 C.F.R. §§ 541.-2(a)–541.2(e)(1). Like the tests for executive

employees, these tests contain an element relating to the "salary basis" of the employee's compensation.

employee and the employer. Courts frequently scrutinize the salary portions of the employment agreement to determine whether a predetermined amount of compensation is guaranteed for each pay period. *Donovan v. Agnew*, 712 F.2d 1509, 1517 (1st Cir.1983); *Tripp v. May*, 189 F.2d 198, 202 (7th Cir.1951); *Retail Store Employees Union, Local 400 v. Drug Fair—Community Drug Co.*, 307 F.Supp. 473, 478–79 (D.D.C.1969).

■ Consistent with the FLSA's intent, we should determine an employee's status based on the provisions of the compensation agreement, not necessarily on the amount of funds the employee actually receives. An employee who is guaranteed to receive at least $250 per week [for the "short test"] or at least $155 per week [for the "long test"] will be found to meet the "salary basis" requirement of the FLSA regulations.

### C.

■ The trial court found as a fact[3] that Mr. Kawatra was employed in a bona fide executive capacity. Therefore, we use the Tenn.R.App.P. 13(d) standard to review this issue and will presume that the trial court's findings of fact are correct unless the evidence preponderates against them.

Our ability to review the proof introduced at trial has been somewhat limited because we have not been furnished a verbatim transcript of the April 20, 1987 trial court proceedings. Mr. Kawatra has filed an "amended statement of the evidence and proceedings" containing a three-page summary of Mr. Kawatra's and Dr. Gardiner's testimony. However, there is no statement or other showing that a verbatim transcript was unavailable as required by Tenn.R. App.P. 24(c). *Harrington v. Harrington*, 759 S.W.2d 664, 666 (Tenn.1988).

The statement of the evidence contains little proof relating to the requirements of either the "short test" or the "long test." However, the omission is not material in this instance because we need not decide whether Mr. Kawatra meets all six of the "long test's" requirements or all three of the "short test's" requirements. Mr. Kawatra's challenge to the trial court's decision is only based upon the "salary basis" component of these tests.

Mr. Kawatra insists that he was not paid on a salary basis because he actually received no salary for the work he performed in October, 1986. He does not dispute that his employment agreement guaranteed that he would receive compensation in the amount of $1,167.67 on the 1st and 15th of each month, notwithstanding the quantity or quality of his work. Therefore, there is ample support for concluding that Mr. Kawatra was paid on a salary basis in an amount far in excess of the minimum amount required by the FLSA and the accompanying regulations.

Accordingly, we find that the evidence does not preponderate against the trial court's finding that Mr. Kawatra was an executive employee. Our conclusion is consistent with the purposes of the FLSA. The Act was never intended to protect previously exempt employees whose salaries are not paid. As the United States Court of Appeals for the First Circuit has noted: "We find no basis for holding that Congress intended to extend the minimum wage protections of the Act to highly salaried employees whenever their employment contracts are breached." *Donovan v. Agnew*, 712 F.2d 1509, 1517 (1st Cir.1983).

### III.

The judgment of the trial court is affirmed, and the case is remanded for whatever further proceedings may be required. The costs of the appeal are taxed to Sunil Kawatra and his surety for which execution, if necessary, may issue.

TODD, P.J., and CANTRELL, J., concur.

---

**3.** Whether an employee falls into one of the exceptions to the FLSA is a question of fact.

*Brennan v. Southern Productions, Inc.*, 513 F.2d 740, 744 (6th Cir.1975).