Robert REICH, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

MIDWEST BODY CORPORATION, a corporation, and American National Bank and Trust Company of Chicago, a National Banking Association, Defendants.

No. 93 C 6030.

United States District Court, N.D. Illinois, E.D.

Jan. 28, 1994.

Phyllis B. Dolinko, U.S. Department of Labor, Office of the Solicitor, Chicago, IL, for plaintiff.

Raymond J. Smith, Kenneth M. Lodge, Smith, Williams & Lodge, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

This is an action by the Secretary of Labor claiming violations of minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendant Midwest Body Corporation[1] went out of business without paying its employees their wages for the last two weeks of operation. It is undisputed that Midwest is subject to the FLSA. Defendant American National Bank and Trust Company of Chicago provided a line of credit to Midwest and was

---

1. Midwest is a nonoperating corporation. There is nothing to indicate that it is presently in bankruptcy proceedings. Plaintiff has not served summons on Midwest. Since this case was filed less than 120 days ago, Midwest cannot yet be dismissed for failure of plaintiff to serve process.

See Fed.R.Civ.P. 4(m). However, it appears that plaintiff does not intend to pursue this action as against Midwest. Midwest will be dismissed without prejudice. If plaintiff intends to pursue an action against Midwest, plaintiff must

a secured lender.[2] Pursuant to its security interest, American obtained certain assets of Midwest. American has conceded that the FLSA, 29 U.S.C. § 215(a)(1), prevents the sale of these "hot goods" unless Midwest's employees are paid their statutorily mandated wages. *See Citicorp Industrial Credit, Inc. v. Brock,* 483 U.S. 27, 107 S.Ct. 2694, 97 L.Ed.2d 23 (1987). American has agreed to pay Midwest's minimum wage and overtime obligations so that it may sell the assets it has obtained. The Secretary and American are in agreement as to the underlying facts. They, however, disagree as to whether the FLSA applies to certain employees and also disagree as to the calculation of wages for employees who worked overtime.

■ The first issue is whether certain employees are subject to the provisions of the FLSA. For purposes of this litigation, the parties have agreed that certain employees ordinarily would be exempt from the minimum wage and overtime provisions of the FLSA [3] because they are executive, administrative, or professional employees paid on a salary basis. *See* 29 U.S.C. § 213(a)(1). The Secretary argues, however, that failure to pay these employees any salary for their last two weeks means that the "salary basis" requirement is not satisfied and therefore the minimum wage and overtime provisions apply to these employees for those two weeks.

Certain employees are exempted from the applicability of § 206 and § 207. These provisions do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act, ...)." 29 U.S.C. § 213(a)(1). To qualify as an executive under the applicable regulations, an employee must be paid "on a salary basis" in an amount not less than $155 per week. 29 C.F.R. § 541.1(f). *See also* 29 C.F.R. § 541.119(a). On a salary basis is defined as follows:

> An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

29 C.F.R. § 541.118(a). Generally, these provisions also apply to administrative employees.[4] *See* 29 C.F.R. §§ 541.2(e)(1); 541.-212.

Since not paid for their last two weeks of work, the Secretary contends that none of Midwest's employees can qualify as being paid on a salary basis for those weeks and therefore cannot qualify for the exemption. Two published cases have considered this issue. Both hold that breaching a contract by failing to pay an employee does not take away an employee's exemption. *Donovan v. Agnew,* 712 F.2d 1509, 1516–17 (1st Cir. 1983); *Kawatra v. Gardiner,* 765 S.W.2d 771, 774–75 (Tenn.Ct.App.1988). Those holdings are consistent with the regulations, which define "on a salary basis" as being paid on such a basis under the terms of the employee's contract. There are no provisions in the employees' contracts that their pay is subject to reduction because of variations in the quality or quantity of work performed. Midwest's failure to pay these employees was based on its going out of business, not on any provision of the employees' contracts or on

---

promptly move for reinstatement of the claim and must promptly serve process on Midwest.

**2.** American's motion to file first amended answer is granted.

**3.** The minimum wage and overtime provisions are contained in 29 U.S.C. §§ 206–07.

**4.** Administrative employees may also be paid on a fee basis, 29 C.F.R. § 541.2(e)(1), but that is not an issue in this case.

any work performance of the employees. Also, these employees still have a basis for demanding that Midwest pay their full salaries for the two weeks. Those claims may not be collectible, but they would represent the salaries to which the employees are entitled. The failure of Midwest to pay the salaried employees was not a violation of the FLSA; these employees are exempted from the minimum wage and overtime provisions of the FLSA.

The second issue before the court is the question of the computation of regular and overtime pay for those unpaid employees subject to the provisions of § 206 and § 207 and who worked overtime during the last two weeks. American is not liable for any wages due to the employees on a breach of contract claim. American has only agreed to be liable for amounts due under the FLSA. For non-exempt Midwest employees who worked forty hours or less per week during the last two weeks, American only had to pay minimum wage regardless of the employees' actual wages. For those who worked overtime, however, the Secretary argues that American must pay the employees' regular rate plus overtime at 150% of the regular rate. American argues that the FLSA obligation is only minimum wage for the first forty hours and 150% of minimum wage for the overtime.

The statute provides that no covered employee shall be employed "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). It is further provided that "[a]s used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

The regulations define "regular rate" as follows:

> The "regular rate" of pay under the Act cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract (*Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446[, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948) ]). The Supreme Court has described it as the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed—an "actual fact" (*Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419[, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945) ]. Section 7(e) of the Act requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection....) As stated by the Supreme Court in the Youngerman–Reynolds case cited above: "Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the wage contracts."

29 C.F.R. § 778.108.

Overtime rates cannot be avoided by manipulating the pay for regular hours or otherwise reducing the pay for regular hours to make up for the 150% overtime rate that will have to be paid. *See* 29 C.F.R. § 778.500. Consistent with this principal, the regulations also provide:

> In determining the number of hours for which overtime compensation is due, all hours worked (see § 778.223) by an employee for an employer in a particular workweek must be counted. Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid.

29 C.F.R. § 778.315.

■ Overtime pay, as required by the FLSA, has not been paid unless both straight time pay and overtime pay have been fully

paid and have been paid based on an employee's regular pay. The Midwest employees' regular pay for a normal workweek is their contract rate, not the minimum wage. For those employees who worked overtime, Midwest's FLSA obligation is not satisfied unless the employees' straight time and overtime are fully paid based on their contractual rates. American must pay the employees' straight time and overtime based on their contract rates, not based on minimum wage rates, in order to satisfy the obligation it undertook in order to sell goods that would otherwise be "hot goods." Such payment is required by the FLSA, not merely by the employees' contracts. *Hayes v. Bill Haley & His Comets, Inc.*, 274 F.Supp. 34, 37 (E.D.Pa.1967). *See also Donovan v. Crisostomo*, 689 F.2d 869, 876 & n. 13 (9th Cir. 1982) (although employees were still paid above minimum wage, FLSA required that employer return kickbacks of straight time pay that the employer required for weeks its employees were paid the overtime rate).

Plaintiff, in consultation with defendant, shall submit a draft judgment order consistent with today's ruling. It shall be in the form of a final judgment, shall set forth all of American's obligations under the judgment, and shall also set forth that the claim against Midwest is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

(1) Defendant American National's motion for leave to file first amended answer [10] is granted.

(2) Plaintiff's cause of action as against defendant Midwest Body Corporation is dismissed without prejudice.

(3) Plaintiff's motion for summary judgment against American National [11] is granted in part and denied in part.

(4) Consistent with today's order, plaintiff shall submit a draft judgment order at the next status hearing which is set for February 9, 1994 at 9:15 a.m.