NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0192n.06

No. 23-5780

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 01, 2024
KELLY L. STEPHENS, Clerk

WINSTON MERRELL, individually, and as next
of kin of Cameron Dwight Merrell, deceased,

    Plaintiff-Appellant,

v.

ROANE COUNTY GOVERNMENT,

    Defendant,

CITY OF HARRIMAN, TENNESSEE, et al.,

    Defendants - Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

OPINION

Before: GIBBONS, BUSH, and LARSEN, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Cameron Dwight Merrell died of acute methamphetamine toxicity after the police, responding to a call about a man in distress, transported him first to jail and then to the hospital. Merrell's father, Winston Merrell, brought federal- and state-law claims individually and as Merrell's next of kin against the City of Harriman, Tennessee (City) and several John Doe defendants. The district court judge dismissed all claims against defendants, finding that Merrell's father lacked standing to sue on behalf of his son. We affirm.

**I.**

On August 24, 2020, employees at a gas station in Harriman called 911 to report a man in distress from a drug overdose. Two city police officers arrived on the scene, observed Merrell sitting on the ground and struggling to speak, and apprehended him within minutes. Body cameras captured this encounter. After a police supervisor arrived on scene, Merrell was transported to the

Roane County jail. Shortly after the officers brought Merrell to the jail, he was transferred to the hospital where he was pronounced dead of acute methamphetamine toxicity. Merrell died intestate; he is survived by his wife, Amy Nicole Merrell, and their three children. Merrell's father maintains that his son and daughter-in-law were separated and no longer in contact at the time of his son's death.

Merrell's father filed suit individually and as Merrell's next of kin, purportedly under Tenn. Code Ann. §§ 20-5-106 and 20-5-107. He alleged that the City violated Merrell's Fourteenth Amendment rights because the officers failed to promptly seek medical care for Merrell while he was in their custody. He also asserted two state-law claims for wrongful death and intentional infliction of emotional distress. The City moved for summary judgment, arguing that Merrell lacked standing to bring any of the claims. The district court agreed, finding that Merrell's father lacked the capacity to sue under Tennessee's survival statutes because his daughter-in-law and her children had not waived their rights to bring the claims, and Merrell had not named his father as his personal representative. Consequently, the district court held that Merrell lacked standing to bring both his federal claim and state claims. Merrell's father timely appealed.

## II.

We review de novo the district court's grant of summary judgment. *Taylor v. City of Saginaw*, 11 F.4th 483, 486 (6th Cir. 2021). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact" and he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We consider all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *Taylor*, 11 F.4th at 486–87 (quoting *City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001)).

## III.

### A. Federal-Claim Standing

Whether Merrell's father has standing to bring his federal claim and state claims are separate analyses. We must first address whether he has federal standing to bring a claim under 42 U.S.C. § 1983. *Davis v. Detroit Pub. Sch. Cmty. Dist.*, 899 F.3d 437, 443 (6th Cir. 2018). Article III of the United States Constitution limits federal courts to hearing actual cases or controversies. U.S. Const. art. III, § 2. To invoke the jurisdiction of the federal courts, a litigant must have standing. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). This means that a plaintiff must (1) "have suffered an injury in fact," (2) "demonstrate causation," and (3) "prove that it is likely, rather than merely speculative, that a favorable decision could redress the injury." *Miller v. City of Wickliffe*, 852 F.3d 497, 502–03 (6th Cir. 2017) (citation omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Merrell's father therefore must prove that he has the requisite standing to bring an action on behalf of Merrell's estate.

"[A §] 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort. Accordingly, only the purported victim, or his estate's representative(s), may prosecute a [§] 1983 claim." *Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th Cir. 2023) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)). Because federal law does not cover "the survival of civil rights actions under § 1983 upon the [plaintiff's] death," under § 1988 "the law of the forum is the principal reference point in determining survival of civil rights actions," unless the state law is "inconsistent with the Constitution and laws of the United States." *Robertson v. Wegmann*, 436 U.S. 584, 589–90 (1978) (internal quotation marks and citations omitted); *see also Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984).

Under Tennessee law, the right of action for a wrongful death claim "pass[es] to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin." Tenn. Code Ann. § 20-5-106(a). Because the Tennessee laws allow Merrell's wife or children to sue in his place, they are not "hostile to promoting deterrence, protection, and vindication against § 1983 civil rights infringements" and can be applied to any federal civil rights action. *Jaco*, 739 F.2d at 245. The "action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there be no surviving spouse, by the children of the deceased or by the next of kin." Tenn. Code Ann. § 20-5-107(a). But a surviving spouse "has the prior and superior right above all others to bring a wrongful death action." *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991) (citing Tenn. Code Ann. §§ 20-5-106(a), 20-5-110).

A spouse can maintain control over the right of action by bringing the wrongful death action herself, waiving the right to an administrator to bring the action, or by releasing the claim. *Id.* at 453. A surviving spouse, "who knows that [she] has a right of action," can also waive her right over the action by "fail[ing] to maintain control over it either by effecting a compromise or bringing the action to trial." *Id.* That is what Merrell's father argues his daughter-in-law did here. Though acknowledging that she, then Merrell's children, hold the superior right to sue on Merrell's behalf, Merrell's father contends that his daughter-in-law waived her right by failing to bring suit. But Merrell's father provides no evidence that she knows of her right of action or waived that right. In addition, he does not argue that the children—who would be next in line after their mother—are aware of and have waived their potential rights of action, as well. Nor has Merrell's father ever pleaded that he was Merrell's personal representative. Merrell's father therefore lacks standing under Tennessee law to bring a civil rights action on Merrell's behalf.

**B. State-Claim Standing**

As a preliminary matter, we note that the district court was correct that it was not required to exercise supplemental jurisdiction over the state-law claims for wrongful death and intentional infliction of emotional distress after it dismissed the federal claim. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Regardless, Merrell's father lacks standing to bring his state-law claims for the same reason he lacks standing to bring his federal claim—under Tennessee law, Merrell's wife, then his children, have priority to bring those claims, and Merrell's father offers no evidence that they waived that right. *See* Tenn. Code Ann. §§ 20-5-106 and 20-5-107. In addition, he failed to allege in either state-law claim that the City's actions caused him any injury. Dismissal of these claims was therefore appropriate.

**IV.**

We affirm the judgment of the district court.